1   John M. Farrell (SBN 99649)
    farrell@fr.com
2   FISH & RICHARDSON P.C.
    500 Arguello Street, Suite 500
3   Redwood City, California 94063
    Telephone:  650.839.5070
4   Facsimile:  650.839.5071

5
    Natalie L. Arbaugh (admitted *pro hac vice*)
6   arbaugh@fr.com
    John Michael Gaddis (admitted *pro hac vice*)
7   gaddis@fr.com
    FISH & RICHARDSON P.C.
8   1717 Main Street, Suite 5000
    Dallas, Texas 75201
9   Telephone:  214.747.5070
    Facsimile:  214.747.2091
10

11  Attorneys for Defendants ASUSTEK COMPUTER, INC. and ASUS COMPUTER
12  INTERNATIONAL

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15  NETGEAR, INC.,                          | Case No. 13-CV-03405-SI
16
                    Plaintiff,              | **DEFENDANTS' ANSWER TO**
17                                          | **PLAINTIFF'S COMPLAINT**
         v.
18                                          | Judge:  Hon. Susan Illston
    ASUSTEK COMPUTER, INC.; ASUS
19  COMPUTER INTERNATIONAL, and DOES 1
20  through 50,

21
                    Defendants.
22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1    Defendants ASUSTeK Computer Inc. and ASUS Computer International (together,

2 "Defendants") respectfully submit their Answer to Plaintiff Netgear, Inc.'s Complaint.

3 Defendants specifically deny the allegations in Plaintiff's Complaint, and do so in the order and

4 caption set forth in the Complaint, as follows:

5                                    **SUMMARY OF CLAIMS**

6    1.    Defendants admit that this lawsuit purports to be an action brought by Netgear

7 seeking injunctive relief, damages, and declaratory relief.  Defendants specifically deny that they

8 have engaged in any improper conduct, or that Plaintiff is entitled to any relief sought or claimed

9 in paragraph 1 of the Complaint, and deny the remainder of the allegations contained in paragraph

10 1 of the Complaint.

11                                        **PARTIES**

12    2.    Defendants lack knowledge or information sufficient to form a belief about the

13 truth of the allegations contained in paragraph 2 of the Complaint and, therefore, deny the same.

14    3.    Defendants admit that ASUSTeK Computer Inc. is a corporation headquartered in

15 Taiwan and that it designs and markets wireless routers, among other computer networking

16 products.  Defendants deny the remaining allegations in paragraph 3.

17    4.    Defendants admit the allegations of paragraph 4 of the Complaint.

18    5.    Defendants admit only that they market and sell wireless routers in California and

19 elsewhere in the United States.  Defendants deny the remaining allegations in paragraph 5.

20    6.    Defendants lack sufficient knowledge and information to form a belief about the

21 truth of the allegations in paragraph 6 of the Complaint, and, therefore, deny the same.

22                              **JURISDICTION AND VENUE**

23    7.    The allegations in paragraph 7 are legal conclusions which Defendants are not

24 required to admit or deny; however, subject to the arguments of exclusive jurisdiction, primary

25 jurisdiction, and preemption that Defendants raised in their Motion to Dismiss, Defendants do not

26 contest the Court's subject matter jurisdiction over the claims asserted in Netgear's Complaint.

27    8.    Defendants do not contest that they are subject to personal jurisdiction in this

28 Court.  The remaining allegations of paragraph 8 of the Complaint are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT                                    1

1    9.    The allegations in paragraph 9 of the Complaint are legal conclusions to which no

2  response is required; however, Defendants do not contest that venue is proper in this Court.

3                           **INTRADISTRICT ASSIGNMENT**

4    10.   The allegations in paragraph 10 of the Complaint are legal conclusions to which no

5  response is required; however, Defendants lack sufficient knowledge and information to confirm

6  or deny that "the events at issue in this case arose in the City and County of San Jose," and,

7  therefore, deny the same.

8                           **STATEMENT OF FACTS**

9    11.   The allegations in paragraph 11 of the Complaint are legal conclusions Defendants

10  are not required to admit or deny.  Nevertheless, Defendants deny the allegations in this paragraph

11  except to the extent that the cited regulations speak for themselves.

12    12.   The allegations in paragraph 12 of the Complaint are legal conclusions Defendants

13  are not required to admit or deny.  Nevertheless, Defendants deny the allegations in this paragraph

14  except to the extent that the cited regulations speak for themselves.

15    13.   The allegations in paragraph 13 of the Complaint are legal conclusions Defendants

16  are not required to admit or deny.  Nevertheless, Defendants deny the allegations in this paragraph

17  except to the extent that the cited rules and regulations speak for themselves.

18    14.   The allegations in paragraph 14 of the Complaint are legal conclusions Defendants

19  are not required to admit or deny.  Nevertheless, Defendants deny the allegations in this paragraph

20  except to the extent that the cited rules and regulations speak for themselves.

21    15.   The allegations in paragraph 15 of the Complaint are legal conclusions Defendants

22  are not required to admit or deny.  Nevertheless, Defendants deny the allegations in this paragraph

23  except to the extent that the cited rules and regulations speak for themselves.

24    16.   The allegations in paragraph 16 of the Complaint are legal conclusions Defendants

25  are not required to admit or deny.  Nevertheless, Defendants deny the allegations in this paragraph

26  except to the extent that the cited rules and regulations speak for themselves.

27

28

1    17.    The allegations in paragraph 17 of the Complaint are legal conclusions Defendants

2  are not required to admit or deny.  Nevertheless, Defendants deny the allegations in this paragraph

3  except to the extent that the cited rules and regulations speak for themselves.

4    18.    The allegations in paragraph 18 of the Complaint are legal conclusions Defendants

5  are not required to admit or deny.  Nevertheless, Defendants deny the allegations in this paragraph

6  except to the extent that the cited rules and regulations speak for themselves.

7    19.    The allegations in paragraph 19 of the Complaint are conclusory statements about

8  industry technical standards, to which no response is required.  Nevertheless, Defendants deny the

9  allegations in this paragraph except to the extent that the cited standards speak for themselves.

10    20.    The allegations in paragraph 20 of the Complaint are conclusory statements about

11  industry technical standards, to which no response is required.  Nevertheless, Defendants deny the

12  allegations in this paragraph except to the extent that the cited standards speak for themselves.

13    21.    Defendants admit that they market and sell wireless routers, such as the RT-N65U,

14  that are governed by the IEEE 802.11n standard.  Defendants deny the remaining allegations in

15  this paragraph except to the extent that the cited standards speak for themselves.

16    22.    Defendants admit that they market and sell wireless routers, such as the RT-

17  AC66U, that are governed by the IEEE 802.11ac prospective standard.  Defendants deny the

18  remaining allegations in this paragraph except to the extent that the cited standards speak for

19  themselves.

20    23.    Defendants admit the allegations of paragraph 23 of the Complaint.

21    24.    Defendants admit the allegation contained in paragraph 24 of the Complaint that

22  QuieTek Corporation performed tests on the RT-N65U and RT-AC66U routers, the results of

23  which were submitted in connection with applications for certification of these devices.

24  Defendants deny the remaining allegations of this paragraph.

25    25.    Defendants admit the allegations of paragraph 25 of the Complaint.

26    26.    Defendants deny the allegations of paragraph 26 of the Complaint.

27    27.    Defendants deny the allegations of paragraph 27 of the Complaint.

28    28.    Defendants deny the allegations of paragraph 28 of the Complaint.

1    29.    Defendants deny the allegations of paragraph 29 of the Complaint.

2    30.    Defendants deny the allegations of paragraph 30 of the Complaint.

3    31.    Defendants lack sufficient information or knowledge to form an opinion about the

4    truthfulness of the allegations of paragraph 31 of the Complaint and, therefore, deny the same.

5    32.    Defendants admit that the User Guides for the RT-N65U and RT-AC66U routers

6    contain statements required by FCC regulations, and that the documents attached as Exhibits A

7    and B to Netgear's Complaint purport to be copies of those User Guides.  Those User Guides

8    speak for themselves.  Defendants also admit that an FCC logo and identifier were printed on the

9    outside of the box containing each router.  Defendants deny the remaining allegations of paragraph

10   32 of the Complaint.

11   33.    Defendants deny the allegations of paragraph 33 of the Complaint.

12   34.    Defendants specifically deny that they engaged in any unlawful or unfair conduct.

13   Defendants lack sufficient information or knowledge to form a belief about the truth of the

14   remaining allegations contained in paragraph 34 of the Complaint and, therefore, deny the same.

15   35.    Defendants admit only that they made the RT-N65U and RT-AC66U routers

16   available in the United States.  Defendants deny the remaining allegations of paragraph 35 of the

17   Complaint.

18   36.    Defendants deny the allegations of paragraph 36 of the Complaint.

19   37.    Defendants deny the allegations of paragraph 37 of the Complaint.

20   38.    The allegations in this paragraph are legal conclusions which Defendants are not

21   required to admit or deny.  Nevertheless, Defendants deny the allegations contained in paragraph

22   38 of the Complaint except to the extent that the cited regulations speak for themselves.

23   39.    Defendants deny the allegations of paragraph 39 of the Complaint.

24   40.    Defendants deny the allegations of paragraph 40 of the Complaint.

25                                    **COUNT I**

26                  **False Advertising Under § 43(a) of the Lanham Act**

27   41.    Defendants incorporate by reference their answers to every paragraph above as if

28   fully set forth herein.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT                                    4

1      42.      Defendants deny the allegations of paragraph 42 of the Complaint.

2      43.      Defendants deny the allegations of paragraph 43 of the Complaint.

3      44.      Defendants deny the allegations of paragraph 44 of the Complaint.

4      45.      Defendants deny the allegations of paragraph 45 of the Complaint.

5      46.      Defendants deny the allegations of paragraph 46 of the Complaint.

6      47.      Defendants deny the allegations of paragraph 47 of the Complaint.

## COUNT II

### Tortious Interference with Prospective Business Advantage

9      48.      Defendants incorporate by reference their answers to every paragraph above as if
10  fully set forth herein.

11     49.      Defendants lack sufficient knowledge or information to form an opinion about the
12  truth of the allegations of paragraph 49 of the Complaint and, therefore, deny the same.

13     50.      Defendants deny the allegations of paragraph 50 of the Complaint.

14     51.      Defendants deny the allegations of paragraph 51 of the Complaint.

15     52.      Defendants deny the allegations of paragraph 52 of the Complaint.

16     53.      Defendants deny the allegations of paragraph 53 of the Complaint.

## COUNT III

### Unfair Competition Pursuant to California Business and Professions Code § 17200, *et seq.*

19     54.      Defendants incorporate by reference their answer to every paragraph above as if
20  fully set forth herein.

21     55.      Defendants deny the allegations of paragraph 55 of the Complaint.

22     56.      Defendants deny the allegations of paragraph 56 of the Complaint.

23     57.      Defendants deny the allegations of paragraph 57 of the Complaint.

24     58.      Defendants deny the allegations of paragraph 58 of the Complaint.

## COUNT IV

### False Advertising Pursuant to California Business and Professions Code §17500, *et seq.*

27     59.      Defendants incorporate by reference their answer to every paragraph above as if
28  fully set forth herein.

60.     Defendants deny the allegations of paragraph 60 of the Complaint.

61.     Defendants deny the allegations of paragraph 61 of the Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

## COUNT V

### Violation of § 1 of the Sherman Act

65.     Defendants incorporate by reference their answer to every paragraph above as if fully set forth herein.

66.     Defendants deny the allegations of paragraph 66 of the Complaint.

67.     Defendants deny the allegations of paragraph 67 of the Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Complaint.

## COUNT VI

### Declaratory Relief

71.     Defendants incorporate by reference their answer to every paragraph above as if fully set forth herein.

72.     Defendants deny that they are knowingly or intentionally manufacturing non-compliant wireless routers.  The remaining allegations in paragraph 72 are legal conclusions to which no answer is required.

73.     Defendants admit that Netgear purports to be seeking declaratory relief.  The remaining allegations in paragraph 73 are legal conclusions to which no answer is required.

## PRAYER

74.     With respect to the allegations contained in the Prayer and final paragraphs of the Complaint, Defendants admit only that Netgear purports to be seeking the relief set forth in subparts (A)–(I) of the paragraph beginning "WHEREFORE."  Defendants deny all remaining

1  allegations set forth in this section of the Complaint and deny that Plaintiff is entitled to any relief

2  whatsoever.

3      75.    All allegations and averments of the Complaint not admitted, addressed, explained,

4  answered, or denied in this Answer are here and now generally denied as though set forth

5  specifically and denied.

6                              **AFFIRMATIVE AND OTHER DEFENSES**

7      Defendants anticipate relying on the following affirmative and other defenses, if

8  applicable, and if supported by facts to be determined by appropriate discovery.  In asserting these

9  defenses, Defendants neither expressly nor implicitly assume the burden of disproving any

10 element of any claim for which Plaintiffs bear the burden of proof as a matter of law.  Defendants

11 reserve the right, subject to the Court's approval if such approval is required by the Federal Rules

12 of Civil Procedure and this Court's scheduling orders, to amend their Answer, upon further

13 investigation and discovery, to include any additional defenses of which Defendants become

14 aware.

15                                     **FIRST DEFENSE**

16                                 **(Failure to State a Claim)**

17     Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon

18 which relief can be granted.

19                                    **SECOND DEFENSE**

20                                       **(Estoppel)**

21     Plaintiff's claims are barred by the doctrine of estoppel.

22                                     **THIRD DEFENSE**

23                                    **(Unclean Hands)**

24     Plaintiff's claims are barred by the doctrine of unclean hands.

25                                    **FOURTH DEFENSE**

26                                 **(Speculative Damages)**

27     Plaintiff's claims are barred because the damages alleged are speculative.

28

**FIFTH DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff's claims are barred to the extent that it has failed to take reasonable measures to avoid losses or minimize damages.

**SIXTH DEFENSE**

**(Mootness)**

Plaintiff's claims for injunctive and other equitable relief are barred as moot in whole or in part.

**SEVENTH DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff has adequate remedies at law.

**EIGHTH DEFENSE**

**(Compliance with Law)**

Plaintiff's Complaint fails to state a claim for unlawful conduct under California Business & Professions Code §§ 17200 and 17500 because Defendants' advertising and marketing is not misleading or deceptive and completely complies with applicable law.

**NINTH DEFENSE**

**(No Claim for Misleading or Unfair Advertising)**

Plaintiff's Complaint fails to state a claim for misleading or unfair advertising under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), or under California Business & Professions Code §§ 17200 and 17500, because Defendants' advertising is not misleading or deceptive.

**TENTH DEFENSE**

**(No Antitrust Injury)**

Plaintiff's claim under the Sherman Act is barred because Defendants' conduct did not cause Plaintiff any injury of the type that the antitrust laws were and are intended to prevent, or that is otherwise legally cognizable under the Sherman Act or any other law.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT                                         8

1

**ELEVENTH DEFENSE**

2

**(Federal Preemption)**

3      Plaintiff's state law claims are barred, in whole or in part, because they are preempted by

4  federal law.

5

6      WHEREFORE, Defendants, having fully answered Plaintiff's Complaint, deny that

7  Plaintiff is entitled to any relief and hereby pray that the Court dismiss Plaintiff's case in its

8  entirety, that Plaintiff take nothing by way of this suit, and that Defendants be awarded their

9  reasonable attorneys' fees and costs and such other relief to which they may be justly entitled.

10

11  Dated:  January 9, 2013                          Respectfully submitted,

12

                                                        By:  */s/  Natalie L. Arbaugh*

13
                                                         Natalie L. Arbaugh

14
                                                         John Michael Gaddis

                                                         FISH & RICHARDSON P.C.

15
                                                         1717 Main Street, Suite 5000

                                                         Dallas, Texas 75201

16

                                                         John M. Farrell

17
                                                         FISH & RICHARDSON P.C.

                                                         500 Arguello Street, Suite 500

18
                                                         Redwood City, California 94063

19

                                                      Attorneys for Defendants ASUSTEK

20
                                                      COMPUTER, INC. and ASUS COMPUTER

                                                      INTERNATIONAL

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2  The undersigned hereby certifies that a true and correct copy of **DEFENDANTS' ANSWER TO**

3  **PLAINTIFF'S COMPLAINT** has been served on this 9th day of January, 2014, to all counsel of

4  record who are deemed to have consented to electronic service via the Court's CM/ECF system

5  per Civ. L.R. 5.4(d).

6

7

8
By:  */s/ Natalie L. Arbaugh*
  Natalie L. Arbaugh
  arbaugh@fr.com

9

10  Attorney for Defendants ASUSTEK
  COMPUTER, INC. and ASUS COMPUTER

11  INTERNATIONAL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28